**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

MARITZA PRINCE; individually and on
behalf of all persons similarly situated,

                              Plaintiff,

               -against-

JASON D. BOROFF & ASSOCIATES,
PLLC; PROCESS SERVER PLUS
INC.; ENRIQUE DIAZ; EMMANUEL
LANZOT,

                          Defendants.

-------------------------------------------------------------------------X

**24 Civ. No. 2706 (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letter-motion, dated December 9, 2025, to compel production of documents from non-party Branko Rakamaric in response to a document subpoena served under Federal Rule of Civil Procedure 45. (Dkt. No. 134 (Pl. Br.)). The Court previously granted Mr. Rakamaric until January 21, 2026 to respond to the motion. (Dkt. No. 137). Additionally, in that order, the Court warned Mr. Rakamaric that a failure to respond "may result in Plaintiff's motion being treated as unopposed." (*Id.*). Plaintiff has attested to service of this order, and her motion and supporting papers, on Mr. Rakamaric in a timely manner. (Dkt. Nos. 138, 142). Mr. Rakamaric has filed no response, nor has he requested an extension of his deadline to respond. Accordingly, the Court treats Plaintiff's motion as unopposed.

"Federal Rule of Civil Procedure 45 permits the issuance of a subpoena duces tecum to non-parties." *In re Subpoena Duces Tecum served on Clarick*

*Gueron Reisbaum, LLP*, No. M8-85, 2010 WL 4967441, at *1 (S.D.N.Y. Nov. 30, 2010). When a motion to compel is unopposed, the lack of opposition "may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion." *Liz v. A Perfect Dealer, Inc.*, No. 23 Civ. 10670 (JLR) (SDA), 2024 WL 4250364 at *2 (S.D.N.Y. Sept. 20, 2024) (quoting *Freudenvoll v. Target Corp.*, No. 13 Civ. 6197L (MWP), 2013 WL 6243706, at *1 (W.D.N.Y. Dec. 3, 2013)); *see also In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005) ("The fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections.").

The subject subpoena is procedurally compliant and seeks information that is relevant and proportional to the needs of the case. (*See* Pl. Br. at 3; *see also* Fed. R. Civ. P. 26(b)(1), 45). Additionally, Mr. Rakamaric failed to timely respond, object, or articulate any basis for his failure to comply, and has similarly failed to respond to Plaintiff's motion.

Accordingly, Plaintiff's motion to compel production of documents from non-party Branko Rakamaric is hereby GRANTED. Rakamaric shall produce the documents responsive to the subpoena within 30 days of service of this Order.

**SO ORDERED.**

DATED:    New York, New York
          January 29, 2026

2

The Honorable Gary Stein
United States Magistrate Judge