

May 8, 2026

<u>Via ECF</u>
Hon. Gary Stein
United States Magistrate Judge
500 Pearl St.
New York, NY 10007

**MEMO ENDORSED**

**Re:** ***Prince v. Jason D. Boroff & Assoc., PLLC, et al.*****, No. 24 Civ. 2706 (GS)**

Dear Judge Stein:

We write jointly on behalf of Plaintiff Maritza Prince and Defendants Process Server Plus, Inc. ("PSP"), Enrique Diaz, and Emmanuel Lanzot (collectively, "Process Server Defendants") to update the court on the status of discovery as directed by the Court's order, ECF No. 163.

**Plaintiff's Statement**

The Process Server Defendants remain out of compliance with the Court's orders to produce certain documents. Despite Plaintiff's numerous follow-ups, the Process Server Defendants have refused to meet-and-confer about these documents and other deficient productions. Plaintiff has narrowed the disputes to the issues outlined below, but notes that PSP has failed to meaningfully respond to many of Plaintiff's other discovery requests.[1]

Documents in the Court's Orders to Compel (ECF Nos. 161, 146)

*Sample of GPS Report Emails*: The Court ordered PSP to produce a "sample email of the type auto-generated by the Rastrac software" by April 21, 2026. ECF No. 161. As background, PSP testified that Rastrac sends these GPS reports by nightly email to PSP and Mr. Branko Rakamaric, PSP's "IT person," who syncs the GPS data directly into PSP's custom computer system each night. Mr. Dundas testified that these GPS reports contain coordinates, time stamps in two-minute intervals, and auto-generated addresses. ECF No. 166-1. PSP testified that it has archived these emails since January 2026. *Id.*

On April 20, 2026, PSP produced a sample of "mileage" reports, which do not include any GPS coordinates, addresses, or 2-minute interval time stamps. ECF Nos. 166, 166-2. After numerous follow-ups from Plaintiff and over two weeks after the Court's deadline, PSP produced a sample GPS report containing data for Thomas Dundas on May 7. Plaintiff has concerns about this production, including that it does not contain data about Mr. Diaz or Mr. Lanzot. Plaintiff will continue to review and attempt to resolve outstanding issues by meeting and conferring with the Process Server Defendants as soon as possible.

*Emails with Branko Rakamaric*: PSP  partially produced two emails with Branko

---

[1] Plaintiff is endeavoring now to determine if any of these other gaps are material to Plaintiff's claims, including by reviewing in detail the deposition testimony of the three recently concluded depositions. Plaintiff reserves her right to raise any material issues with the Process Server Defendants.

Rakamaric, without producing the attachments, on the date of this filing. As previously mentioned in ECF No. 166, it appears that PSP deleted at least four emails from Mr. Rakamaric since February 2026, after they were requested by Plaintiff and after PSP took a screenshot of the emails in its inbox. ECF No. 166-3. Plaintiff asked PSP to either produce these emails or confirm that they were deleted. PSP has refused to clarify.

*Certified GPS Records*: PSP still has not produced certified GPS records, as previously ordered by the Court. ECF No. 146.

Custom System Screenshots and Templates (RFP No. 7)

In her April 6 letter to PSP, Plaintiff sought specific custom system[2] documents to clarify PSP's methods of maintaining and generating affidavits of service and electronic records of service on its custom system. On April 15, after the deposition, PSP made a minimal production of four types of screenshots, without explaining why the others requested were not produced. As discussed at the April 17 conference, Plaintiff has several follow-up questions about the screenshots that, due to PSP's delay and refusal to discuss at meet and confers, Plaintiff was unable to ask about at PSP's deposition or since.

On April 27, Plaintiff followed up by requesting a narrower set of documents, including: (1) screenshots showing the process of identifying and generating affidavits of service; and (2) template affidavits of service. Plaintiff requires these documents because the deposition testimony of all three of the Process Server Defendants suggests serious irregularities in how the custom system is used to generate service records. While Plaintiff remains willing to work with PSP to get the answers she needs, as of this filing, PSP has not responded or made itself available for a meet-and-confer, despite Plaintiff's multiple outreaches. If Plaintiff is unable to make progress, she may need to move to compel, which would further compound the discovery delays already caused by the Process Server Defendants.

Email Auto-Deletion Settings (RFP No. 7)

Mr. Dundas testified that PSP's emails have been set to autodelete since around 2019, including since the start of this litigation and since PSP's March deposition. Exhibit A. Mr. Dundas testified that the there are certain "keywords" which trigger the auto-deletion. *Id.*[3] In her April 6 letter, Plaintiff sought production of a screenshot showing the auto-deletion filter keywords for PSP's email account. On April 27, Plaintiff's counsel emailed counsel for the Process Server Defendants an excerpt of Mr. Dundas' testimony and again requested the auto-deletion settings. After PSP did not respond, on April 30, Plaintiff requested a meet-and-confer. As of this filing, PSP has not made itself available for a meet-and-confer. Plaintiff continues to have concerns

---

[2] These requests were for screenshots of and templates from the custom system, including the home page; data entry pages; each step of identifying and generating affidavits of service; each step of generating electronic records of service on Excel spreadsheets; template electronic records of service; template affidavits of service; and screenshots showing the custom system back end, referred in deposition testimony.

[3] "Q. The auto deletion. A. Oh, I paid -- what is the kid's name? One of the kids. Mario from the block, down the block. He set it up for me. Q. When did he set this up? A. I believe it was 2019 or so, 2018. Q. And does it delete all e-mails? A. He deletes -- he has key words in there that I don't know exactly how it works. Q. Do you know what the key words are? A. No." T. Dundas Dep. Tr. 51:3-13.

regarding Defendants' general practices of deleting relevant documents and failures to implement litigation holds.

Plaintiff is endeavoring to resolve the outstanding discovery issues as soon as possible. However, if the Process Server Defendants continue to obstruct progress, Plaintiff will likely need to request a further extension of the discovery deadline, currently scheduled for June 6, 2026. Plaintiff hopes that this will be unnecessary, and discovery can efficiently conclude as currently scheduled.

**Process Server Defendants' Statement:**

First and foremost, I must state that it is totally inaccurate that PSP refuses to meet and confer with plaintiff's counsel to try and resolve the "outstanding issues. There are times that Mr. Dundas and/or myself are not available to do this. That doesn't mean we are unwilling to meet and confer.

I know from reviewing the submission made by Mr. Dundas to me that I have in turn forwarded to plaintiff's counsel the following has been submitted:

A. A sample of the GPS Report has been provided to NYLAG; another copy is attached to this correspondence to NYLAG.

1. The report contains the address, time, longitude, and latitude.
2. The report is generated only when the process server is working; "no report" means no work was performed.
3. Mr. Lanzot last performed services for PSP Inc. on August 11, 2025.

B. PSP has two emails from Mr. Rakamaric after February 2026. another copy is attached to this correspondence to NYLAG.

C. PSP has made several efforts — including calls, text messages, and notes left at the home door — to obtain the certified GPS records, without success. This was explained to the court and efforts after the court appearance have been made as well.

D. The request for "screenshots" referred to screenshots used in data entry that generate the affidavits. PSP provided all screenshots responsive to that request. The data fields are self-explanatory.

E. Plaintiff has received five years of affidavits from Lanzot/Diaz and has also received multiple explanations regarding how the PSP Microsoft Access–based program can be queried using any data field. Sample queries were provided.

F. PSP does not have the IT knowledge or expertise to explain how the auto-delete function was configured originally when the email system was set up.

Plaintiff keeps mentioning that the certified GPS records have not been produced. The

3

court spent a good amount of time listening to the attorneys and listening to Mr. Dundas as to why these records have not been produced. Everyone at this juncture is well aware that the custodian of these records is uncooperative despite many efforts by Mr. Dundas and myself to get the same prior to the court appearance and after.

At times the "follow up" request are redundant of previous request made and answered. This becomes confusing. It seems that there are questions about the custom system PSP uses. In an effort to clarify questions pertaining to how the system operates PSP is extending an offer to plaintiff's counsel. Plaintiff's attorneys can make an appointment with Mr. Dundas so that one (1) of the attorney's from the team (it cannot be the entire team because PSP is running a business) can come to the office. They can sit down with Mr. Dundas and Mr. Dundas will give them a live demonstration of how this custom program operates. This should answer all questions about the program.

The codes to the program and other information they are seeking about the program are not known to or in the possession of PSP.

As for the other matters, PSP will continue to use their best efforts to continue to furnish what is requested.

Respectfully submitted,

/s/ Danielle Tarantolo
Danielle Tarantolo
Andrea Ashburn
Claire Torchiana
*Counsel for Plaintiff*

The Court appreciates this update from the parties.  The parties are directed to file another status update, by no later than Monday, May 25, 2026, stating whether the discovery issues outlined in this letter been resolved and whether any party requests a discovery conference with the Court on these matters.  SO ORDERED.

Date:   May 11, 2026

Respectfully submitted,

/s/ *Daniel Tanon, Esq.*
Daniel Tanon, Esq.

Gary Stein
United States Magistate Judge
Southern District of New York

4