

May 26, 2026

Via ECF
Hon. Gary Stein
United States Magistrate Judge
500 Pearl St.
New York, NY 10007

## MEMO ENDORSED

**Re: *Prince v. Jason D. Boroff & Assoc., PLLC, et al.*, No. 24 Civ. 2706 (GS)**

Dear Judge Stein:

We write jointly on behalf of Plaintiff Maritza Prince and Defendants Process Server Plus, Inc. ("PSP"), Enrique Diaz, and Emmanuel Lanzot (collectively, "Process Server Defendants") to update the court on the status of discovery as directed by the Court's order, ECF No. 169, and to jointly request a 30-day extension of all fact and expert discovery deadlines.

## <u>The Parties' Joint Request for a 30-day Extension of Fact and Expert Discovery Deadlines</u>:

The parties respectfully jointly request that the Court extend the deadlines for fact and expert discovery by 30-days. The proposed deadlines are as follows:

| Event | Current Deadline (ECF 157) | Proposed Deadline |
|---|---|---|
| Fact Discovery Cut-off | June 5, 2026 | July 6, 2026 (adjusted from Sunday, July 5, 2026) |
| Plaintiff's Expert Report(s) | July 6, 2026 | August 5, 2026 |
| Defendants' Expert Report(s) | July 20, 2026 | August 19, 2026 |
| Expert Discovery, including Expert Depositions | August 18, 2026 | September 17, 2026 |

The parties have made substantial progress on completing discovery and expect to do so in the near future, but would benefit from a 30-day extension, which would provide additional time to meet and confer on a handful of final issues, resolve a small number of outstanding discovery deficiencies, review productions and responses, and make final productions. The parties anticipate that this will be the final request to extend discovery deadlines.

## <u>Plaintiff's Statement</u>

<u>Plaintiff's Motion for Leave to File a Second Amended Complaint Adding a Named Plaintiff:</u>

Plaintiff filed her motion for leave to file a second amended complaint adding a named plaintiff, putative class member Zuleika Hernandez, on Friday, May 22. ECF No. 170 ("Motion"). The Proposed Second Amended Complaint also removes allegations relating to Jason D. Boroff & Associates, PLLC and makes other minor revisions to conform the complaint to facts discovered since the Amended Complaint was filed. As explained in the Motion, Plaintiff could not have made

these proposed amendments sooner as they relate to recent developments, including Ms. Hernandez's recent contact with class counsel. These amendments would require minimal to no additional discovery.[1]

<u>Third Party Discovery</u>:

Following the Court's May 8, 2026 Order, Plaintiff promptly served Branko Rakamaric with a subpoena on May 12, 2026 for certified GPS records and Rastrac GPS email reports. ECF No. 161. Mr. Rakamaric responded to Plaintiff's subpoena stating that he does not keep PSP's GPS data and that he has "nothing to do with the GPS data" requested. Mr. Rakamaric provided a sworn declaration stating such and confirming that he is "not a third-party GPS contractor for PSP or any other entity" and that he does "not receive emails from Sageplan or Rastrac." Exhibit A. The discrepancies between Mr. Dundas's statements in Court and at his deposition on one hand, and Mr. Rakamaric's statements in his declaration on the other hand, are troubling. However, because Mr. Rakamaric does not have the requested documents and provided a sworn statement of such, Plaintiff does not anticipate needing to seek any other information from Mr. Rakamaric.

<u>Discovery deficiencies</u>:

The Process Server Defendants remain out of compliance with numerous discovery obligations, and Plaintiff is continuing to put immense effort into curing these deficiencies. Many of PSP's discovery deficiencies are outlined in the Parties' May 8, 2026 status letter, and the status has not changed since that letter was filed. Plaintiff and Defendants' counsel met and conferred on the afternoon of the date of this filing, Tuesday, May 26, 2026, which is the only date the Process Server Defendants provided for a meet-and-confer despite Plaintiff's repeated requests for a conference over the past several weeks. Defendants' counsel was not able to provide any substantive updates or make any progress on any of these items.

The Process Server Defendants remain out of compliance with their discovery obligations and the Court's order to compel production at ECF 161, which ordered PSP to provide a sample of the Rastrac emails containing Diaz/Lanzot's GPS data that Mr. Dundas testified at his March 25, 2026 deposition and at the Court conference that he receives daily and has archived since January. April 17, 2026 Hr'g tr at 9, 11-12, 29-32. Since the Court's Order, PSP produced two Rastrac reports, but neither was the report that Mr. Dundas clearly testified he receives and has archived. A report dated April 17, 2022 contained only "mileage" data, listed as 0 miles, and did not include any GPS coordinates, addresses, or 2-minute interval time stamps. ECF Nos. 166, 166-2. Next, PSP produced a report which was generated on April 22, 2022, after the deadline for the Court's order, and which contained data only for Mr. Dundas, and no data for Mr. Diaz or Mr. Lanzot. Plaintiff has brought these issues to PSP numerous times, and was given no further information at the meet-and-confer. Plaintiff seeks either the reports as ordered by the Court, or

---

[1] Defendants misleadingly state that Ms. Prince has not made herself available for a deposition. That is inaccurate. Defendant served a notice to conduct Ms. Prince's deposition on March 27, but withdrew it after Plaintiff objected on the basis that Defendants were out of compliance with myriad discovery obligations, and had failed to produce Mr. Lanzot for a deposition despite months of effort by Plaintiff. Plaintiff also explained at the time that Defendants would need to provide a translator for Mr. Prince, who is a Spanish speaker, and make disability accommodations. Defendants never renewed their notice of deposition or made any other attempt to schedule her deposition after March 27.

confirmation from PSP that they do not exist and that prior testimony was inaccurate. Plaintiff reserves all rights.

At the meet-and-confer, in addition to the above, the parties also discussed the following discovery items, and PSP's failure to provide any production or answers regarding these items: (1) affidavit of service templates, (3) screenshots of the process of generating affidavits of service, (4) the dates Mr. Diaz served process for other process serving agencies, which should have been provided in Mr. Diaz's interrogatory responses served months ago but were not, (5) PSP's explanations regarding its custom system screenshots, (6) answers regarding PSP's email auto-deletion settings and whether emails between Mr. Rakamaric and Ms. Dundas have been deleted since February 2026.

As Plaintiff noted during the parties' recent Court appearance, because of delays in PSP's production of certain documents and information related to its technology systems, Plaintiff did not have an opportunity to question PSP's corporate representative about key aspects of those systems during PSP's Fed. R. Civ. P. 30(b)(6) deposition. Plaintiff has served a Request for Inspection on PSP and the parties are negotiating over a time to conduct that inspection. Defendants' state below that Plaintiff has "turned down" Defendants' offer to comply with this request, but that is not true; Plaintiff has been clear that the parties would schedule the inspection for the month of June after the Court considered the parties' request for a 30-day extension of discovery.

Plaintiff notes that several of the issues addressed in this letter and in prior communications with the Court give rise to serious concerns that Defendants have spoliated material evidence. Once Plaintiff has determined the scope of potential spoliation, she may seek appropriate remedies from the Court.

**<u>Process Server Defendants' Statement:</u>**

PSP continually makes themselves available for a meet and confer, provided, PSP and their attorney have availability. Last week they proposed times on the same day as they wanted to meet and confer however, I was not available at that time. Because I am not available to meet and confer when the plaintiff is available does not meant the defendant is unwilling to do so.

PSP has explained to the plaintiff's that there are no templates for the affidavits of service that the plaintiff seeks. The custom program that PSP uses, generates the affidavits automatically. The program has fields that the user fills in the required information, nae, address, date etc., and the program automatically populates the information into the appropriate fields and generates the required affidavit of service. In an effort to not waste time with the continual back and forth over this I had extended an offer to the plaintiff's counsel to come to PSP's office and Mr. Dundas would give them a live demonstration of how the program works. I sincerely believe that this would have answer most, if not all of the plaintiff's questions pertaining to the program, the affidavits of service and the functionality of this program. It is ironic that the plaintiff has turned this offer down. What is also ironic is that DCWP has a complete copy of the transcript from Mr. Dundas' deposition.

As for the sworn statement of Mr. Rakamaric, that in sum and substance he has "nothing to do with the GPS data" and essentially nothing to do with PSP's computer systems, including back ups of certain information is inaccurate. At this time PSP will have to explore what remedies they have in regards to this new turn of events. It is PSP's position, based upon earlier conversations with Mr. Rakamaric, that Mr. Rakamaric felt harassed by the plaintiff and is looking for a way out of this. Once again, the defendant will have to look into this matter.

The parties did have a meet and confer on the afternoon of May 26, 2026. I believe that many of the outstanding issues have been fine-tuned and that both plaintiff and defendant now have a better understanding of what the remaining issues are. At the meet and confer on May 26, 2026, the parties agreed to have a follow up meet and confer this week after we have had the opportunity gather some further information.

The defendant's object to the amended complaint being filed at such a late stage in this proceeding. While it is the plaintiff's contention that this amended complaint would require "would require minimal to no additional discovery" that is unknown at this juncture. The plaintiff has yet to produce herself for deposition, although a demand for deposition was served upon her. In the instance of an amended complaint, which the defendant objects to, the new plaintiff would have to be deposed and more likely than not this deposition would lead to additional discovery.

I do not think it is appropriate at this time to file the amended complaint in a class action suit where the "new" plaintiff would be covered as a class member.

The Court appreciates this update from the parties.  The parties are directed to file another status update, by no later than Thursday, June 11, 2026, stating whether the discovery issues outlined in this letter been resolved and whether any party requests a discovery conference with the Court on these matters.  Additionally, to the extent Defendants oppose Plaintiff's motion for leave to file a Second Amended Complaint (Dkt. No. 170), they remain expected to file their opposition and supporting materials by no later than Friday, June 5, 2026.

SO ORDERED.

Date:   New York, New York
         May 29, 2026

submitted,

/s/ Danielle Tarantolo
Danielle Tarantolo
Andrea Ashburn
Claire Torchiana
*Counsel for Plaintiff*

Respectfully submitted,

/s/ *Daniel Tanon, Esq.*
Daniel Tanon, Esq.

Gary Stein
United States Magistate Judge
Southern District of New York

4