**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

MARITZA PRINCE; individually and on behalf of all persons similarly situated,

Plaintiff,

-against-

JASON D. BOROFF & ASSOCIATES, PLLC; PROCESS SERVER PLUS INC.; ENRIQUE DIAZ; EMMANUEL LANZOT,

Defendants.

---------------------------------------------------------------------X

**24 Civ. 2706 (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On May 22, 2026, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC") (Dkt. No. 170) with accompanying memorandum of law (Dkt. No. 170-1 (Pl. Br.)) and declaration of counsel in support (Dkt. No. 170-2), as well as clean and redlined copies of the proposed SAC (Dkt. Nos. 170-3 & 170-4). Defendants Process Server Plus, Inc., Enrique Diaz, and Emmanuel Lanzot (collectively, "Defendants") have not opposed Plaintiff's motion. (*See* Dkt. No. 179). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

"Motions for leave to amend are governed by one of two standards" under the Federal Rules of Civil Procedure: "Rule 15(a) or Rule 16(b)." *In re Wireless Tel. Servs. Antitrust Litig.*, No. 02 Civ. 2637 (DLC), 2004 WL 2244502, at *4 (S.D.N.Y. Oct. 6, 2004). Rule 15(a) instructs that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This is a 'liberal' and 'permissive' standard," *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021)

(quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)), and leave to amend under Rule 15(a)(2) "'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, resulting prejudice to the opposing party,'" *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 21 Civ. 4550 (VSB) (RWL), 2024 WL 379952, at *4 (S.D.N.Y. Feb. 1, 2024) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005)).

The "liberal" amendment period under Rule 15(a) ends "if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote*, 9 F.4th at 115 (citations omitted). After that point, the "stricter" standard of Rule 16(b) applies. *AT&T*, 2024 WL 379952, at *4. That is the case here, as the scheduling order in this action set the deadline for the filing of amended pleadings at June 8, 2025. (Dkt. No. 71).

Under Rule 16(b)(4), a plaintiff may only amend a complaint after a scheduling order deadline "upon a showing of good cause." *Callahan v. Cnty. of Suffolk*, No. 22-969, 2024 WL 1161870, at *6 (2d Cir. Mar. 19, 2024) (citations omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Whether good cause exists depends on the "diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (citations omitted). "The burden of demonstrating good cause rests with the movant." *Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022).

Although the "primary consideration" under Rule 16(b) is "whether the

moving party can demonstrate diligence," it is "not . . . the only consideration." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "Rather, '[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors, including, in particular, whether allowing the amendment . . . will prejudice defendants.'" *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (quoting *Kassner*, 496 F.3d at 244). Where a party's motion to amend would require altering a court's scheduling order, "'the party must satisfy *both* Federal Rules of Civil Procedure 15 and 16 to be permitted to amend.'" *AT&T*, 2024 WL 379952, at *4 (quoting *Int'l Technologies Mktg., Inc. v. Verint Sys., Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021)) (emphasis in original).

"Ultimately, 'the decision as to whether to let Rule 16(b) stand as a bar to amendment lies within the court's discretion.'" *Mrani v. N.Y.S. Dep't of Corrs. & Comty. Supervision*, No. 21 Civ. 1072 (NSR) (AEK), 2023 WL 3736781, at *3 (S.D.N.Y. May 31, 2023) (quoting *Qanouni v. D&H Ladies Apparel LLC*, No. 18 Civ. 2763 (GBD) (DF), 2021 WL 9036182, at *8 (S.D.N.Y. Mar. 23, 2021)).

Plaintiff seeks leave to add an additional putative class member, Zuleika Hernandez, remove the present allegations against since-settled Defendant Jason D. Boroff & Associates, PLLC, and make revisions to incorporate facts allegedly discovered since the filing of the operative complaint. (Pl. Br. at 4; *see also* Dkt. No. 170-4). Plaintiff does so principally in an attempt to add stability through the participation of a second named plaintiff, "reduc[ing] the risk that the class will not

be able to go forward." (Pl. Br. at 17). Such a rationale is sufficient for a finding of good cause. *See, e.g.*, *Lee v. HDR Glob. Trading Ltd.*, 347 F.R.D. 633, 638 (S.D.N.Y. 2024) ("The Court finds that justice requires the addition of a second named plaintiff in order to ensure that this action can continue if the sole [p]laintiff (Lee) for some reason became unable to prosecute this case.").

Moreover, there is no undue delay, as counsel only spoke with Hernandez for the first time on March 9, 2026 (Dkt. No. 170-2 ¶ 7) and promptly informed the Court during an April 17 hearing that she would soon move for leave to add Hernandez as a named plaintiff. (Pl. Br. at 7, 13). *See Nat'l Rifle Ass'n of Am. v. Cuomo*, No. 20 Civ. 385 (MAD), 480 F. Supp. 3d 404, 413 (N.D.N.Y. Aug. 14, 2020) (finding that a "three month delay in filing a second amended complaint does not constitute undue delay" and collecting cases), *aff'd in part, appeal dismissed in part on other grounds sub nom. Nat'l Rifle Ass'n of Am. v. Hochul*, 2021 WL 5313713 (2d Cir. Nov. 16, 2021).

Finally, that Defendants do not oppose Plaintiff's motion confirms the Court's assessment that there is no prejudice to them, futility, or bad faith inherent in this amendment. *See Lopez v. City of New York*, No. 24 Civ. 6281 (DLI), 2026 WL 1249443, at *1–2 (E.D.N.Y. May 6, 2026) (stating that "[w]hen a motion for leave to amend a complaint is unopposed, the motion may be granted on that basis," and finding that defendants' non-opposition "supports the Court's presumption that granting [plaintiff] leave to amend will not lead to undue delay or undue prejudice to the [d]efendants"); *Menzel v. Roadget Bus. Pte. Ltd.*, No. 24 Civ. 860 (JGK) (SLC),

2024 WL 4827403, at *1 (S.D.N.Y. Nov. 19, 2024) ("Defendants did not respond to the Motion [for leave to file a Second Amended Complaint] and, therefore, they have not shown that [p]laintiff has unduly delayed filing the Motion, acted in bad faith or with dilatory purposes, or caused [d]efendants prejudice." (collecting cases)). "Courts readily grant leave to amend in such circumstances." *Raghavendra v. Trs. of Columbia Univ.*, No. 06 Civ. 6841 (PAC) (HBP), 2008 WL 11517636, at *1 (S.D.N.Y. Mar. 10, 2008) (collecting cases)).

Accordingly, Plaintiff's motion for leave to amend is **GRANTED**. Plaintiff is instructed to file a standalone copy of the Second Amended Complaint by no later than Wednesday, September 9, 2026. The Clerk of Court is respectfully directed to close the open motion at Docket Number 170.

**SO ORDERED.**

DATED: New York, New York
September 2, 2026

The Honorable Gary Stein
United States Magistrate Judge