**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

MARITZA PRINCE and ZULEIKA HERNANDEZ; individually and on behalf of all persons similarly situated,

Plaintiffs,

-against-

PROCESS SERVER PLUS INC.; ENRIQUE DIAZ; and EMMANUEL LANZOT,

Defendants.

-----------------------------------------------------------------------X

**24 Civ. 2706 (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Defendants Process Server Plus Inc. ("PSP"), Enrique Diaz ("Diaz"), and Emmanuel Lanzot ("Lanzot") (collectively, "Defendants") move to vacate Clerk's Certificates of Default entered against them on October 7, 2026. (Dkt. No. 207; *see also* Dkt. No. 205). Plaintiffs oppose the motion. (Dkt. No. 208; *see also* Dkt. No. 206). For the reasons set forth below, Defendants' motion is **GRANTED**.

## LEGAL STANDARD

Courts may vacate an entry of default for "good cause" shown. Fed. R. Civ. P. 55(c). The Second Circuit has instructed that this standard "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454–55 (2d Cir. 2013) (cleaned up). "The movant bears the burden of demonstrating good cause for setting aside the default." *State Univ. of New York v. Triple O, LLC*, No. 21-2116, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022) (citing

*Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).

In this Circuit, "it is well established that default judgments are disfavored, and that a clear preference exists for cases to be adjudicated on the merits." *Nash v. FOXO Tech. Inc.*, 348 F.R.D. 210, 213 (S.D.N.Y. 2025) (cleaned up). Moreover, "[a]lthough the factors to be considered are the same, the standard for deciding whether to vacate an entry of default is less rigorous than the standard to be applied in determining whether to vacate a default judgment." *Kryszak v. Norfolk S. Corp.*, No. 17 Civ. 530 (JLS) (MJR), 2020 WL 1445478, at *2 (W.D.N.Y. Mar. 25, 2020) (citing *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996)).

## DISCUSSION

After carefully considering the relevant factors, the circumstances leading to entry of default against Defendants, and the arguments in the parties' submissions, the Court finds that Defendants have established good cause to vacate the Clerk's Certificates of Default entered against them.[1]

### A. Willfulness

"In determining the willfulness of a default, the Second Circuit has made

[1] As a threshold matter, Plaintiffs argue that Defendants' motion should be denied because it was made by letter motion rather than by formal motion, in violation of Local Civil Rule 7.1. (Dkt. No. 208 at 1). It is well settled, however, that a district court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (citation omitted). The Court will exercise its discretion to consider Defendants' letter motion here, given that it "adequately apprised [Plaintiffs] of the 'applicable rules or statutes pursuant to which the motion is brought,' 'the relief sought by the motion,' and 'the cases and other authorities relied on in support of the motion.'" *Ghost in the Mach. Inc. v. Planned Parenthood Fed'n of Am., Inc.*, No. 22 Civ. 9270 (VSB), 2026 WL 1383365, at *3 (S.D.N.Y. May 18, 2026) (exercising discretion to consider motion to vacate entry of default despite failure to comply with Local Civil Rule 7.1) (quoting Local Civ. R. 7.1(a)).

clear that carelessness or negligence are insufficient to constitute willfulness." *Kryszak*, 2020 WL 1445478, at *3 (citing *Am. All. Ins. Co.*, 92 F.3d at 61). Willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a strategic decision to default." *Am. All. Ins. Co.*, 92 F.3d at 60–61. "The Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." *Saidnia v. Nimbus Mining LLC*, No. 21 Civ. 7792 (VSB), 2024 WL 2962628, at *4 (S.D.N.Y. June 11, 2024) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

Defendants' actions do not rise to the level of willfulness. This is not the usual case where a defendant never answered the complaint prior to entry of default. Defendants filed an answer to the Amended Complaint on March 5, 2025. (Dkt. No. 62). They proceeded to litigate the case for more than a year after that time, including by providing initial disclosures, producing documents, and answering interrogatories (if not always in a timely or fully responsive manner), and appeared at numerous conferences with the Court. (*See, e.g.*, Dkt. Nos. 80, 122, 149, 177; Minute Entries dated 5/8/25, 7/11/25, 9/4/25, 4/17/26 and 9/2/26). Diaz, Lanzot, and the principal of PSP, Thomas Dundas, were all deposed earlier this year. (*See* Dkt. No. 177 at 3; Dkt. No. 207 at 5).

Rather, the claim of default arises from the filing of a Second Amended Complaint ("SAC") on September 8, 2026. (Dkt. No. 192). Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants' response to the SAC was due 14 days later, on September

22, 2026. Defendants did not file an answer to the SAC as required. However, as discussed during a conference with the Court on September 2, 2026, the parties were involved in settlement discussions during this time, precipitated by Defendants' loss of their process server licenses and PSP's intention to wind down its operations. (*See* Dkt. No. 194 at 1). In fact, on September 16, 2026, the parties requested, and the Court subsequently granted, a two-week extension of an earlier-issued stay of discovery so they could continue their discussions. (*Id.* at 2).

Defendants' counsel states that Defendants did not answer the SAC because he hoped the matter could be resolved and he believed it made more sense to devote resources to working on a potential settlement. (Dkt. No. 205 at 1; Dkt. No. 207 at 4). After the Clerk's Certificates of Default were entered on October 7, 2026, Defendants' counsel wrote to the Court the following week, on October 16, 2026, requesting they be vacated. (Dkt. No. 205). Then, after Plaintiffs challenged that request as too vague (Dkt. No. 206), Defendants submitted a more detailed letter on October 22, 2026 analyzing each of the three factors under the applicable standard and arguing that good cause exists to vacate the defaults and extend Defendants' time to answer the SAC. (Dkt. No. 207).

These circumstances bespeak carelessness or negligence, not a willful or deliberate default. *See, e.g.*, *Ng v. AmGUARD Ins. Co.*, No. 25 Civ. 806 (VSB (GS), 2025 WL 3754555, at *3-5 (S.D.N.Y. Dec. 29, 2025) (vacating entry of default based on defendants' failure to answer amended complaint within 14 days and finding no willfulness due to defendants' "prompt motions to vacate the entries of default and

consistent, active participation in this matter"); *Bd. of Trs. of Sheet Metal Workers' Loc. No. 71 Pension Fund v. GM Mech. HVAC LLC 1*, No. 23-CV-1228-LJV, 2025 WL 461423, at *4 (W.D.N.Y. Feb. 10, 2025) (finding that, where defendants were engaged in settlement negotiations prior to entry of default and then immediately took steps to respond to pending motion for default judgment, "the defendants' conduct did not cross the line separating the merely negligent from the truly egregious"); *Saidnia*, 2024 WL 2962628, at *3 (finding lack of willfulness after defendants "'actively defended' th[e] action by filing a motion to dismiss and participat[ed] in settlement discussions with Plaintiff prior to their failure to timely answer" (citation omitted)).

Reinforcing this conclusion is the relatively modest nature of the changes made by the SAC. As set forth in the motion for leave to file the SAC, which the Court granted on September 2, 2026 (Dkt. No. 191), the purpose of the SAC was to add Zuleika Hernandez as a named plaintiff; remove the allegations against the Boroff law firm; and "make other minor revisions" to conform the complaint to newly discovered facts. (Dkt. No. 170-1 at 4). Thus, from the perspective of Defendants (who did not oppose the filing of the SAC), the changes made in the SAC were relatively inconsequential, and they had already denied the substantive allegations against them in their original answer. This further undermines any inference that Defendants' failure to timely answer the SAC reflected willfulness or a strategic decision to default. *See Cadles of Grassy Meadows II, LLC v. St. Clair*, No. 10 Civ. 1673 (JS) (ETB), 2010 WL 11651583, at *2 (E.D.N.Y. Oct. 14, 2010)

(finding no willfulness where *pro se* defendants "answered plaintiff's initial Complaint" and there were "minimal procedural . . . changes" in plaintiff's Amended Complaint), *R&R adopted*, 2010 WL 11651584 (E.D.N.Y. Dec. 15, 2010).

Accordingly, the willfulness factor weighs in favor of vacating the entry of default against Defendants.

**B. Existence of a Meritorious Defense**

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co.*, 92 F.3d at 61 (cleaned up); *see also Enron Oil Corp.*, 10 F.3d at 98 (holding that whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense"). "This is a 'low threshold.'" *Hubbuch v. Mullooly, Jeffrey, Rooney & Flynn LLP*, No. 25 Civ. 5547 (JHR) (BCM), 2025 WL 2592155, at *5 (S.D.N.Y. Sept. 8, 2025) (quoting *Cabrera v. Freedom Mortg. Corp.*, No. 23 Civ. 10556 (JLR), 2024 WL 1805558, at *3 (S.D.N.Y. Apr. 25, 2024)).

Defendants' answer to the prior complaint denies Plaintiffs' allegations and asserts several affirmative defenses (*see* Dkt. No. 62), and as noted, Defendants have actively litigated this case for over a year. According to Defendants, at their depositions, Diaz and Lanzot denied Plaintiffs' allegations of fraudulent service, testifying that they made service on the dates and at the locations claimed. (Dkt No. 207 at 5). Diaz and Lanzot also assert that records produced in discovery show that they were not involved in preparing the affidavits of service. (*Id.* at 5-6).

Although Plaintiffs argue that Defendants have failed to present evidence of a meritorious defense, they do not dispute Defendants' claim that discovery has provided some evidence to support a defense. (*See* Dkt. No. 208 at 2-3). That is all that is required. *Am. Transit Ins. Co. v. Pierre*, No. 24 Civ. 360 (RPK) (CLP), 2025 WL 863865, at *4 (E.D.N.Y. Mar. 19, 2025) ("[I]n seeking to vacate a default, [a defendant] is not required to submit 'conclusive evidence' in support of his asserted defense." (quoting *Am. All. Ins. Co.*, 92 F.3d at 61)); *Ideavillage Prods. Corp. v. Media Brands Co.*, No. 14 Civ. 6008 (KMW) (DCF), 2015 WL 5613263, at *3 (S.D.N.Y. Sept. 24, 2015) (noting that this factor "requires only that a defendant 'present some evidence beyond conclusory denials to support his defense'" (quoting *Enron Oil Corp.,* 10 F.3d at 98)). Resolving "doubt[s] . . . in favor of the defaulting party," *Enron Oil Corp.*, 10 F.3d at 96, and recognizing that a motion to vacate entry of default "is subject to a less rigorous standard," *Am. All. Ins. Co.*, 92 F.3d at 59, the Court cannot find that Defendants lack a meritorious defense.[2]

**C. Prejudice to Plaintiffs**

"'[I]t is well established that delay alone is not a sufficient basis for establishing prejudice' to the non-defaulting party." *Bartman v. L'Officiel USA Inc.*, No. 21 Civ. 1987 (RA), 2021 WL 5303915, at *3 (S.D.N.Y. Nov. 15, 2021) (quoting

[2] True, Defendants did not submit any declarations, deposition testimony, or documents to substantiate their counsel's representations that they have a meritorious defense. But their motion states they are prepared to do so if the Court should require a more formal motion. (Dkt. No. 207 at 6). Given that the existing materials before the Court clearly establish Defendants' right to vacatur, the Court finds a formal motion supported by an evidentiary submission to be unnecessary.

*Fischer v. Forrest*, No. 14 Civ. 1307 (PAE), 2014 WL 2717937, at *4 (S.D.N.Y. June 16, 2014)). "'Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (quoting *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12 Civ. 52 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013)).

Yet the only form of prejudice claimed by Plaintiffs is delay. (Dkt. No. 208 at 3). That is plainly insufficient—and all the more so since the default is predicated on Defendants' modest tardiness in submitting an answer to an amended complaint. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (given "the lenient standard of Rule 55(c) . . . it is evident that a ten-day delay in submitting an amended answer to a complaint amended nearly one year after it was first answered would not have led to a default judgment"). Hence, this factor also weighs in favor of vacating the default.

* * *

It appears Plaintiffs believed, following the discussion at the September 2, 2026 conference, that Defendants either would agree to a settlement with Plaintiffs or would no longer defend the case. (*See* Dkt. No. 208 at 2 n.2). Once Defendants refused to agree to Plaintiffs' settlement proposal, and did not answer the SAC within the required time frame, Plaintiffs sought entry of default apparently expecting that Defendants would not contest default. That expectation may have been justified. But it is not a basis for depriving Defendants of the opportunity to defend this case on the merits, now that they have stated their intention to do so.

As the relevant factors all weigh in favor of providing Defendants with that opportunity, and in light of the Second Circuit's "clear preference . . . for cases to be adjudicated on the merits," *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001), the Court concludes that Defendants have established good cause for vacating the Clerk's Certificates of Default.

Accordingly, the Clerk of Court is respectfully directed to vacate the Certificates of Default at Docket Numbers 201, 202 and 203. Defendants shall answer or otherwise respond to the Plaintiffs' Second Amended Complaint by no later than November 16, 2026. The Court will separately schedule a status conference for after that date.

**SO ORDERED.**

DATED: New York, New York
November 2, 2026

The Honorable Gary Stein
United States Magistrate Judge